**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Osahenrumwen Ojo

   v.                                               Civil No. 11-cv-210-JL

Hillsborough County Department
of Corrections, et al.


**O R D E R**

   Before the court is Osahenrumwen Ojo's complaint (doc. nos. 1, 7 and 10), filed pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights during his incarceration at the Hillsborough County Department of Corrections ("HCDC").  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  Also before the court are several motions for the court's consideration, including a motion for court-appointed counsel (doc. no. 9), a "Motion for Effectuation and Encapsulation" (doc. no. 10), and a motion for waiver of service of summons (doc. no. 13).

I.   Motion for Effectuation and Encapsulation (doc. no. 10)

Ojo filed an initial complaint (doc. no. 1) and an addendum thereto (doc. no. 7).  Ojo then filed a "Motion for Effectuation and Encapsulation" (doc. no. 10), which the court has examined and determined to be appropriately construed as an addendum to the complaint.  Accordingly, the court will so construe the motion, and will consider the complaint to be comprised of the original complaint (doc. no. 1) and the two addenda (doc nos. 7 and 10), in the aggregate, for all purposes.  The Clerk's Office is directed to redocket the "Motion for Effectuation and Encapsulation" (doc. no. 10) as an addendum to the complaint.

II.  Motion for Court-Appointed Counsel (doc. no. 9)

Also before the court is Ojo's motion for a court-appointed attorney (doc. no. 9).  There is no constitutional right to the appointment of counsel in a civil case in this court.  See Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003).  While the court has the discretion to appoint counsel in a particular case, it should do so "only if 'exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiff's] due process rights.'"  King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998) (quoting DesRosiers v. Moran, 949

F.2d 15, 23 (1st Cir. 1991)); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (indigent litigant has no constitutional right to counsel in a civil case and must demonstrate exceptional circumstances to justify the appointment of counsel).  To determine if "exceptional circumstances" warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.

   Here, Ojo has asserted that he cannot represent himself due to his incarceration.  Since the time this motion was filed, however, Ojo has been released from the HCDC.  See Notices of Change of Address (doc. nos. 16 and 19).  The circumstances cited by Ojo in support of his motion, therefore, have abated. Accordingly, the motion for court-appointed counsel (doc. no. 9) is DENIED.  The denial is without prejudice to Ojo renewing his request should circumstances warrant it in the future.

III. Motion for Waiver of Service of Summons (doc. no. 13)

   Ojo seeks an order of this court directing that he not be required to effect formal service in this matter.  Ojo has been granted in forma pauperis status.  Accordingly, to the extent this court directs service of the complaint in this matter

3

against any defendant, the court will direct the United States Marshal for the District of New Hampshire ("U.S. Marshal") to effect service. Accordingly, Ojo's motion seeking a waiver of the formal service requirement (doc. no. 13) is GRANTED in part, to the extent that the U.S. Marshal shall effect service, and is DENIED in all other respects.

IV. Service

As fully explained in the report and recommendation issued simultaneously with this Order, Ojo has stated a claim upon which relief might be granted alleging excessive force claims against HCDC Officers Medic and Goulding for repeatedly banging Ojo's head into a door on February 25, 2011. Accordingly, the court directs that the complaint (doc. nos. 1, 7 and 10) be served on Medic and Goulding.

The clerk's office is directed to prepare summons forms for HCDC Officers Medic and Goulding at their place of business: Hillsborough County House of Corrections, 445 Willow St., Manchester, NH 03103. The clerk's office shall forward to the U.S. Marshal's office: the summonses; the complaint (doc. nos. 1, 7 and 10); the Report and Recommendation issued this date; and this Order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the named

defendants.  See Fed. R. Civ. P. 4(c)(3) and 4(e).  Defendants are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Ojo is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

December 21, 2011

cc:  Osahenrumwen Ojo, pro se

LBM:jba

5