UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Osahenrumwen Ojo

   v.                                                      Civil No. 11-cv-210-JL

Eldin Medic et al.


### REPORT AND RECOMMENDATION

Before the court is Osahenrumwen Ojo's "Notice of Appeal" (doc. no. 45). The "Notice of Appeal" was originally filed in the First Circuit; that court forwarded the document to this court, pursuant to Fed. R. App. P. 4(d), indicating that it was mistakenly filed in that court. See Doc. No. 46 (Letter from the Office of the Clerk of the United States Court of Appeals for the First Circuit dated June 27, 2012).

Despite the assertions contained in Ojo's "Notice of Appeal," his case has not been dismissed, and the "Notice of Appeal" does not relate to a final judgment of this court. While a number of claims and defendants included in Ojo's initial complaint were dismissed in an order issued by the court on January 10, 2012 ("January 10 Order") (doc. no. 25), one claim, asserted against two defendants, remains pending. Because Ojo seeks to challenge an interlocutory order not within

the First Circuit's jurisdiction under 28 U.S.C. §§ 1291 or 1292(a), the court finds that the document titled "Notice of Appeal" (doc. no. 45) is more appropriately construed as a motion requesting that the District Judge amend the January 10 Order to declare that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," pursuant to 28 U.S.C. § 1292(b).  Cf. Castro v. United States, 540 U.S. 375, 381-82 (2003) (court may recharacterize pro se party's motion to create better correspondence between its substance and its underlying legal basis).

   The court now considers whether the January 10 Order should be amended, pursuant to 28 U.S.C. § 1292(b), to include the declaration requested.  The January 10 Order approved a recommendation from the magistrate judge to dismiss certain prison condition claims raised in Ojo's complaint.  The recommendation turned on factual allegations in the complaint and applied well-established law concerning prison condition claims.  Accordingly, there was no "controlling question of law as to which there is substantial ground for difference of opinion," of which immediate appellate review may "advance the

ultimate termination" of this case.  See 28 U.S.C. 1292(b).
Accordingly, the court recommends that the motion (doc. no. 45)
be denied without prejudice to Ojo's ability to raise any of the
issues therein on appeal, after a final decision is rendered in
this case.

## Conclusion

For the foregoing reasons, the court should direct the clerk to redocket the "Notice of Appeal" (doc. no. 45) as a motion requesting relief pursuant to 28 U.S.C. § 1292(b).  The motion (doc. no. 45), so construed, should be denied.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Landya McCafferty
　　　　　　　　　　　　　　　　United States Magistrate Judge

August 7, 2012

cc:  Osahenrumwen Ojo, pro se
　　　John Curran, Esq.

LBM:jba