```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Osahenrumwen Ojo

   v.                                       Civil No. 11-cv-210-JL

Eldin Medic et al.


**O R D E R**

Defendants have filed a motion to dismiss (doc. no. 55) this action in its entirety, alleging that Ojo has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  Ojo objects (doc. nos. 56 and 67), claiming that he was denied the opportunity to avail himself of the jail's administrative grievance process. The matter has been referred to this magistrate judge for a recommendation as to disposition.  See United States District Court District of New Hampshire Local Rule 72.1.

**Discussion**

I.   Motion to Dismiss (Doc. No. 55)

If a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) relies upon "matters outside the pleadings," the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56.  Here, defendants press their motion on the basis of Ojo's alleged failure to exhaust, which is a matter outside the

pleadings, as evidenced by defendants' submission of an affidavit in support of that motion containing facts not contained in the pleadings.  Accordingly, the court treats the motion as seeking summary judgment on the basis of a claimed undisputed fact regarding Ojo's exhaustion of administrative remedies.

Where the court converts a motion to dismiss to one for summary judgment, Fed. R. Civ. P. 12(d) requires that the parties "be given a reasonable opportunity to present all the material that is pertinent to the motion."  Accordingly, the court grants defendants fourteen days from the date of this order to file all of the material it deems pertinent to its motion.  Plaintiff will have thirty days thereafter to file all of the material it deems pertinent to its opposition to the defendants' motion for summary judgment (doc. no. 55). Defendants may file a reply memorandum, and plaintiff may seek leave to file a surreply memorandum thereafter, only in accordance with LR 7.1(e).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 1, 2012
cc:  Osahenrumwen Ojo, pro se
     John A. Curran, Esq.

LBM:jba