UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Osahenrumwen Ojo</u>

   v.                                                      Civil No. 11-cv-210-JL

<u>Eldin Medic et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is Osahenrumwen Ojo's motion for summary judgment and attachments filed therewith (doc. nos. 40 and 41).[1] Defendants object (doc. no. 47). Plaintiff has replied to the objection (doc. no. 48). The motion has been referred to this magistrate judge for a recommendation as to its disposition. <u>See</u> United States District Court District of New Hampshire Local Rule ("LR") 72.1.

**Discussion**

I.   <u>Applicable Legal Standard</u>

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if it could reasonably be

---

[1] It appears that plaintiff intended to file a single motion for summary judgment, with attachments, but that the motion was received in two parts, and was thus docketed as two separate motions. For the sake of clarity, the court construes the documents together to comprise one motion for summary judgment.

resolved in either party's favor at trial. See Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010) (citing Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009)). A fact is "material" if it could sway the outcome under applicable law. Estrada, 594 F.3d at 62.

In analyzing a summary judgment motion, the court "views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party." Estrada, 594 F.3d at 62. The court cannot grant a motion for summary judgment without first finding that "the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." De La Vega v. San Juan Star, Inc., 377 F.3d 111, 115-16 (1st Cir. 2004); see also Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("'[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented'" (citation omitted)).

## II. Background

After conducting a preliminary review in this matter, the court directed service of one excessive force claim against two Hillsborough County House of Corrections ("HCHC") officers, Eldin Medic and Jason Goulding. In the complaint (doc. nos. 1, 7 and 10), Ojo asserted that while escorting Ojo from one unit

to another, the officers slammed Ojo's head into a door, without provocation or justification, injuring Ojo.

In his motion for summary judgment, Ojo states:

> I hereby made an order of proof that there is probable cause to believe that the defendants C.O. Eldin Medic and C.O. Justin Goulding did indeed apply improper excessive force upon the plaintiff. There is definitely enough findings in this matter, that shows that the defendants C.O. Eldin Medic and Justin Goulding did actually caused the plaintiff head injury. Therefore it should be note and said at this point on the sole basis that the sufficiency of the evidence attached to this motion for summary judgment is sufficient to support a finding that the defendants C.O. Eldin Medic and C.O. Justin Goulding did indeed caused the plaintif's serious head injury. Thus, the jurors will easily comprend that the plaintiff has the evidence that has the most convincing force in this matter.

Doc. Nos. 40 & 41 (original reproduced without alteration). The document is signed by Ojo and is notarized.[3] The referenced "evidence attached" to Ojo's motion is 160 pages of Ojo's HCHC records, including several written requests submitted to the HCHC medical department by Ojo, seeking medical treatment for headaches that, in the requests, Ojo attributes to having been assaulted by Medic and Goulding, and incident reports, written by HCHC employees, none of which indicate that either Medic or

---

[3]The motion for summary judgment is notarized, but contains no affirmation of or attestation to the truth of its contents. Even so, for purposes of this report and recommendation, the court will consider what factual assertions are contained in the motion to be sworn.

Goulding slammed Ojo's head into a door or otherwise applied excessive force while escorting Ojo between housing units.

Defendants object to Ojo's motion, and have each filed affidavits denying having slammed Ojo's head into a door or otherwise using excessive force against Ojo.  Ojo challenges the timeliness of the objection, and the form of the affidavits.[4]

III. Discussion

Even if Ojo's assertions that defendants caused his head injury were accepted as true, that fact alone would not warrant summary judgment on the excessive force claim.  To prove his claim of excessive force, Ojo must prove that defendants applied force against him "maliciously and sadistically to cause harm," rather than in a "good-faith effort to maintain or restore discipline."  See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (setting forth Eighth Amendment standard for excessive force claim); see also Bell v. Wolfish, 441 U.S. 520, 535 & n.16

---

[4]Defendants' objection to the motion was in fact filed one day beyond the time period for filing objections to summary judgment motions, calculated from the date of service.  See LR 7.1(b); see also Fed. R. Civ. P. 6(d).  The court need not address the timeliness issue or Ojo's concerns regarding the affidavits' form, however, as plaintiff has not carried his burden of showing through affidavits or other evidence the lack of any genuine issue of material fact.  See De La Vega, 377 F.3d at 116 (citing NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) ("district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days")).

(1979) (detainee's Fourteenth Amendment right not to be subjected to excessive force is at least as protective as analogous Eighth Amendment right of convicted prisoners). Therefore, Ojo must show through affidavits or other evidence that there is an absence of a genuine dispute of fact as to defendants' motives and their acts.  Ojo has failed to do this.

Ojo's motion for summary judgment is replete with conclusory statements alleging that the defendants "applied improper excessive force," causing his head injury.  The only nonconclusory fact presented by Ojo and supported by a citation to the record, however, is that Ojo reported to the HCHC medical department that Medic and Goulding assaulted him in an unspecified manner, causing him to suffer headaches.  Ojo has not supported his conclusory allegations of excessive force with an affidavit or citation to any evidence in the record identifying specific facts that would, if undisputed, require a finding that the defendants used excessive force against him. See Fed. R. Civ. P. 56(c)(1) (requiring that specific facts asserted be properly supported by citation to the record).

Ojo's motion for summary judgment thus fails to identify undisputed material facts sufficient to demonstrate that he is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(a).

Accordingly, the court should deny the motion for summary judgment (doc. nos. 40 and 41).

## Conclusion

For the foregoing reasons, the court recommends that the motion for summary judgment (doc. nos. 40 and 41) be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

October 1, 2012

cc: Osahenrumwen Ojo, pro se
    John A. Curran, Esq.

LBM:jba

6