UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Osahenrumwen Ojo

   v.                                    Civil No. 11-cv-210-JL

Eldin Medic et al.


**O R D E R**

Plaintiff Osahenrumwen Ojo has filed "Motion: for Report of Violation of Rules" (doc. no. 30), alleging deficiencies in defendants' responses to plaintiff's discovery requests. Defendants object (doc. no. 31). Ojo has filed several replies to defendants' objection (doc. no. 33, 34, 38 and 39), and defendants have filed a second objection (doc. no. 35). The court has considered all of the relevant documents and, for the reasons discussed herein, denies Ojo's motion (doc. no. 30).

**Background**

While incarcerated at the Hillsborough County House of Corrections ("HCHC"), Ojo filed a civil rights action against a number of defendants, all employees of the HCHC. After conducting preliminary review, pursuant to 28 U.S.C. § 1915A(a) and this court's local rules, the undersigned magistrate judge directed service of a single excessive force claim against two

defendants, HCHC officers Justin Goulding and Eldin Medic, and recommended the dismissal of all of the other claims and defendants from this action. See Order (doc. no. 21); Report and Recommendation (doc. no. 20). The district judge adopted my recommendation of dismissal. See Order (doc. no. 25) (approving report and recommendation).

The surviving claim against Goulding and Medic arises out of a February 25, 2011, incident at the HCHC. As alleged in the complaint, the incident began with a physical altercation between Ojo and another inmate. HCHC officers responded, and ultimately restrained Ojo in his cell before transferring him to another unit in the prison. The excessive force claim that remains in this action arises out of Ojo's allegation that, while escorting Ojo to his new unit, Medic and Goulding injured him by repeatedly slamming his head against a door.

**Procedural History**

On February 2, 2012, defendants filed an assented-to proposed discovery plan (doc. no. 29), which was approved by the court on February 3, 2012. The portions of that plan relevant to the instant motion provided for each party to submit a maximum of twenty-five interrogatories and ten requests for admissions to any other party within thirty days of service of

the approved discovery plan.  Ojo promptly submitted discovery requests to defendants.[1]  The defendants have responded to the requests.  Ojo objects to defendants' alleged failure to provide certain requested information in their responses.[2]

**Discussion**

I.  Requests for Admissions

Ojo claims that defendants have failed to respond fully to Ojo's requests for admission.  Rule 36(a)(1) of the Federal Rule of Civil Procedure states that: "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  If a party is dissatisfied with any response to its request for admissions, the requesting party "may move to determine the sufficiency of

---

[1]The "requests for admissions" and interrogatories Ojo sent to the defendants in this matter, and defendants' responses thereto, appear in the record as exhibits, and are docketed as documents 35-1, 35-2, 35-3, 35-4, and 38-1.

[2]Plaintiff initially complained that defendants had failed to respond to the discovery requests altogether.  Defendants have since responded to those requests, and plaintiff's objections have now evolved into objections to the withholding of certain information Ojo alleges is not included in defendants' responses.  In this order, the court addresses the current state of the discovery dispute, as the court understands it based on the parties' filings.

an answer or objection." Fed. R. Civ. P. 36(a)(6). Where the request is objected to, the court will then either determine that the objection is justified, or order that an answer be served. Id. Where the sufficiency of an answer is contested, if the court finds that the challenged answer fails to comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Id.

Here, the bulk of the relevant "requests for admission," dated February 16, 2012, contain questions that are more like interrogatories than requests for admissions. In an effort to comply with the spirit of Ojo's requests, however, defendants have attempted to respond to the requests as posed.

To the extent that Ojo did request admissions from defendants, defendants have objected to the form of the requests. Alongside their objections, defendants have also submitted their sworn HCHC incident reports, in which defendants provide their account of the relevant events and circumstances in this case. Ojo has not specified the admissions (or other discovery) that he claims defendants have failed to provide him. For this reason, the motion seeking an order compelling defendants to answer the requests for admission is denied.

II.  Discovery and Interrogatories

Ojo propounded interrogatories, as well as "request for admissions," upon individuals and entities that have been dismissed from this action. Ojo has since withdrawn those discovery requests. See Reply to Defendants' Objection to Motion to Compel (doc. no. 38).

Ojo asserts that defendants Medic and Goulding should be compelled to respond to his discovery requests concerning: (1) certain personal information (i.e., dates of birth, home address, financial records); (2) their training and experience; (3) prior grievances and lawsuits that may have been filed against them; (4) maps and photographs of the areas of the HCHC relevant to this action; (5) video of plaintiff's entire stay at the HCHC; (6) medical information and records; (7) Ojo's institutional grievance records; and (8) defendants' statements concerning the incident forming the basis of the claim in this action.

Medic and Goulding object on the basis of relevance, privacy issues, and security concerns, and they assert that they have substantially answered all questions seeking discoverable information. Defendants note that in addition to providing answers to Ojo's interrogatories and discovery requests, they

5

have provided Ojo with a complete copy of his HCHC inmate file and a complete copy of his HCHC medical records.

### A. Scope of Discovery

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'"  Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)).  "Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  When a party is dissatisfied with an opponent's response to a discovery request, the Federal Rules of Civil Procedure permit that party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "'The party seeking information in discovery over an adversary's objection has the burden of showing its relevance.'"  Gavin v. Liberty Mut. Group Inc., No.

11-cv-159-LM, 2012 WL 3192822, at *2 (D.N.H. Aug. 6, 2012) (quoting Caouette v. OfficeMax, Inc., 352 F.Supp.2d 134, 136 (D.N.H. 2005)).

### B. Ojo's Institutional Records

As previously noted, defendants have provided Ojo with a copy of his entire HCHC file and all of his HCHC medical records. Ojo claims that there are grievance forms and requests for medical attention that he filled out, but that are missing from those files. Defendants state that they have provided all of the grievances and other documents in their possession to Ojo, and Ojo has not asserted any facts demonstrating that the court should not accept defendants' assertion as true. The court finds that defendants have provided Ojo with all of the information in their possession or control concerning Ojo's medical, grievance, and institutional records. Accordingly, the motion to compel further discovery, to the extent it requests institutional records, is denied.

### C. Other Requests

After careful review of all of the discovery materials in the record, the court finds that defendants have provided, or agreed to provide, all of the discoverable information in their possession. Ojo either has not made any showing that, with

7

respect to materials that Ojo claims he has not received, that defendants possess or have access to those materials. Nor has Ojo demonstrated that the discovery in dispute is relevant to a material issue in this case, or is "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). Accordingly, Ojo's motion to compel discovery is denied, without prejudice to refiling should defendants fail to provide, within thirty days of the date of this order, discovery that they have agreed to provide, or that they are otherwise obligated to provide on an ongoing basis.

## Conclusion

For the foregoing reasons, Ojo's motion to compel discovery (doc. no. 30) is denied without prejudice to renewal, should defendants fail to provide information that they have agreed to provide within thirty days of the date of this order.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

Date: October 15, 2012

cc: Osahenrumwen Ojo, pro se
    John A. Curran, Esq.

LBM:jba